UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF §
AMERICA and STATE OF TEXAS *ex* §
*rel.* AMBER FAULKNER, §
§
        *Plaintiffs,*                §        Civil Action No. 3:20-cv-1663-x
§
v.                                        §
§
METHODIST CHARLTON §
MEDICAL CENTER and DAN §
JONES, D.P.M., §
§
        *Defendants.*                §

## **ORDER**

Before the Court is the Notice of Intervention for Purposes of Settlement and Voluntary Dismissal filed by the United States of America and the State of Texas. [Doc. 27]. The United States and Texas filed this notice pursuant to the False Claims Act, 31 U.S.C §§ 3730(b)(2) and (4), the Texas Medicaid Fraud Prevention Act, Texas Hum. Res. Code § 36.102, and Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. The United States and Texas have intervened in this action to settle the claims asserted against the remaining defendant, Dan Jones, D.P.M. (Dr. Jones).

The United States and Texas executed a Settlement Agreement with Dr. Jones on March 7, 2023. The agreement requires Dr. Jones to pay the settlement amount within fifty months pursuant to an agreed payment schedule. Should Dr. Jones default on his payment obligations, as set forth in the Settlement Agreement, Dr.

1

Jones has further agreed that the United States has the right to take immediate judgment against Dr. Jones in either this action or a new proceeding.

Therefore, the Court **DISMISSES** the claims against Dr. Jones as follows:

1. For the Covered Conduct described in the Settlement Agreement, the claims of the United States and Texas against Dr. Jones are dismissed without prejudice to the right of the United States to take immediate judgment against Dr. Jones in either this action or a new proceeding should Dr. Jones default on his payment obligations. Once Dr. Jones has fully completed his payment obligations pursuant to the Settlement Agreement, this dismissal will apply with prejudice as to the United States and Texas for the claims regarding the Covered Conduct in the Settlement Agreement.

2. To the extent there are any other claims asserted in this lawsuit on behalf of the United States or Texas that are outside the Covered Conduct in the Settlement Agreement, this dismissal is without prejudice to the United States and Texas as to any such claims.

The Court shall retain jurisdiction over Dr. Jones with respect to any disputes that may arise regarding the Settlement Agreement. The Court also **ORDERS** that the seal be lifted only as to the Complaint [Doc. 2], the Notice of Intervention for Purposes of Settlement as to Defendant Methodist Charlton Medical Center [Doc. 15], the Notice of Voluntary Dismissal as to Defendant Methodist Charlton Medical Center [Doc. 16], the Dismissal Order as to Defendant Methodist Charlton Medical

Center [Doc. 17], the Notice of Intervention for Purposes of Settlement and Voluntary Dismissal regarding Dr. Jones [Doc. 27], this Order, and any filings in this action from this date forward unless otherwise ordered.  Any document not specifically identified in this enumerated list is to remain under seal unless otherwise ordered by the Court.

    **IT IS SO ORDERED** this 21st day of September, 2023.

                BRANTLEY STARR
                UNITED STATES DISTRICT JUDGE